UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**FRED A. COLE,**                                         Civil Case No. 3:11-754-KI

            Plaintiff,                          OPINION AND ORDER ON
                                                FXI, INC.'S MOTION FOR
                                                ATTORNEY FEES
    v.

**KKW TRUCKING, INC., a foreign
corporation; and FXI, INC. fka FOAMEX
INNOVATIONS OPERATING
COMPANY, a foreign corporation,**

            Defendants.


        Eric J. Fjelstad
        Smith & Fjelstad
        722 N. Main Ave.
        Gresham, OR 97030

            Attorney for Plaintiff


Page 1 - OPINION AND ORDER ON FXI, INC.'S MOTION FOR ATTORNEY FEES

Alexander S. Wylie
Abby R. Michels
Preg O'Donnell & Gillett, PLLC
1000 S.W. Broadway, Suite 960
Portland, OR 97205-3650

      Attorneys for Defendants

KING, Judge:

      Plaintiff Fred Cole brings a complaint alleging disability discrimination under state law, ORS 659A.103 et seq. Defendants KKW Trucking, Inc. and FXI, Inc. removed the complaint on the basis of diversity jurisdiction on June 22, 2011. In a hearing on October 25, 2012, I dismissed FXI with prejudice on the basis of its motion for summary judgment. FXI subsequently filed a Motion for Attorney Fees [39] seeking $7,042 for the work associated with its motion for summary judgment.[1] For the following reasons, I deny the motion.

## BACKGROUND

      Defendant FXI filed a motion for summary judgment arguing that it was never Cole's employer. Even considering the facts in the light most favorable to Cole, I concluded FXI did not have the right to control Cole's employment. Only KKW, which provided shipping and delivery services to FXI, employed Cole. As a result, I granted FXI's motion and dismissed it with prejudice.

      Cole argued FXI was a joint employer with KKW because: (1) Cole's co-worker considered himself an FXI employee; (2) Cole sometimes worked half of his eight-hour shift in FXI's warehouse; (3) his supervisor at KKW had told Cole to "do whatever [FXI] needed" him

---

    [1]Contrary to Cole's assertion, FXI is not seeking a prevailing party fee under ORS 20.190 so I need not address his argument that the fee is not available in federal court.

Page 2 - OPINION AND ORDER ON FXI, INC.'S MOTION FOR ATTORNEY FEES

to do when he finished driving for the day (Cole Dep. 96:11-22); and (4) although apparently

officially he was not authorized to operate machinery, Cole operated FXI machinery called a

string tier to wrap packages of foam.

At the hearing, when I pressed Cole's attorney about why FXI was a part of the lawsuit,

he responded:

> I'm sorry I'm smiling, Your Honor. I was hoping I wouldn't have to go quite that
> far. But the bottom line is if we don't include FXI, we don't have enough
> employees with KKW in this state, according to the answer to the interrogatory
> that I got, for federal jurisdiction.

Supp. Decl. of Counsel in Supp. of Def. FXI, Inc.'s Mot. for Attorney Fees, Ex. B, at 2.

## LEGAL STANDARDS

ORS 659A.885(1) provides that, with regard to unlawful employment practices claims,

"the court may allow the prevailing party costs and reasonable attorney's fees at trial and on

appeal." A court has discretion to allow attorney fees to a prevailing defendant under

ORS 659A.885(1), but may do so "only when the plaintiff's claim is brought in bad faith or is

unreasonable or unfounded." Chase v. Vernam, 199 Or. App. 129, 138-39, 110 P.3d 128 (Or.

App. 2005) (citing Turnbow v. K.E. Enterprises, Inc., 155 Or. App. 59, 68, 962 P.2d 764 (1998)).

## DISCUSSION

FXI relies on the statement Cole's attorney made during the hearing as evidence Cole

lacked any reasonable basis for maintaining an action against it.

Bad faith exists where the plaintiff's claim is "meritless" or motivated by "something

other than the procurement of [a] fair adjudication." Mattiza v. Foster, 311 Or. 1, 10, 803 P.2d

723 (Or. 1990). Furthermore, a claim is "frivolous, unreasonable, or without foundation when a

reasonable lawyer would know that . . . [it] is not well grounded in fact or is not warranted either

by existing law or by a reasonable argument for the extension, modification, or reversal of

existing law." McCarthy v. Or. Freeze Dry, Inc., 334 Or. 77, 87, 46 P.3d 721 (Or. 2002); see

also Kolar v. Unified W. Grocers, Inc., No. CV 04-1593-MO, 2005 WL 3289358, at *13 (D. Or.

Dec. 1, 2005).

Viewing Cole's attorney's statement in the context of the entire hearing,[2] and considering

the other factual and legal arguments made by Cole, I conclude this is not a case warranting an

award of attorney fees to defendant.  Although he lost his argument, Cole identified sufficient

facts to suggest it was possible a fact-finder might conclude FXI retained the right to control his

employment.  I could not say his argument was meritless, frivolous, unreasonable or without

foundation.

## CONCLUSION

For the foregoing reasons, I deny FXI's Motion for Attorney Fees [39].


IT IS SO ORDERED.

DATED this _____ 27 th ____ day of December, 2012.


Garr M. King
United States District Judge

---

[2]Frankly, the statement is baffling.  Cole has never alleged a federal discrimination claim
against either FXI or KKW.  The case was removed on the basis of diversity jurisdiction.  At the
time he made the statement, the time for amending pleadings had long passed.